IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREDDIE WILLIAMS,

    Plaintiff,

vs.    Case No. 19-2035-SAC

KAY THOMPSON,

    Defendant.

**O R D E R**

This pro se action was originally filed in state court and has been removed to this court. The case is now before the court upon defendant's motion to dismiss for failure to state a claim (Doc. No. 6) and other pending motions.

I. The complaint

The court construes plaintiff's complaint as an action under 42 U.S.C. § 1983.[1] Plaintiff appears to be an inmate at the Wyandotte County Adult Detention Center (WCADC). Doc. No. 4-1 at p. 6. He alleges that defendant has deprived him of medical treatment and denied the release of medical records to his attorney.[2] Plaintiff alleges that defendant Kay Thompson is a

---

[1] Plaintiff's complaint is titled "1983 Intentional Civil Tort Complaint." Doc. No. 4-1, p. 1.
[2] Plaintiff also alleges that defendant lied on a document and violated the "Business Rule of Business" or "Best Evidence" rules. These allegations do not appear to be a violation of the Constitution or federal law that might justify a remedy under § 1983.

1

registered nurse and the "boss" of Correct Care Solutions, the health provider at the WCADC.

More specifically, plaintiff alleges that:

> On July 16, 2018, [plaintiff] wrote an Inmate Communications Form to [defendant] with a Legal Letter from [plaintiff's] Legal Rep stating he was waiting on Medical Records from KU Hospital Information Department. She said "No."

Id. at p. 2.

> In 2016; [Correct Care Solutions] stated [plaintiff] neither [had] a diagnosis for seizure nor prescription for seizures medication.

Id.

> [Plaintiff] has suffered from canker sores and a rash he gets every few months that is never treated. The issue is addressed by CCS medical staff but told to [plaintiff] by CCS per policy they cannot treat canker sores.

Id. at p. 3.

Plaintiff also alleges that "Respondent" has denied plaintiff treatment for seizures for several years. Id. at p. 4. He further alleges that canker sores and the rash on his right hip is small but discomforting especially over long periods of not being treated. Id.

## II. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v.

Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

III. Rule 12(b)(6) standards

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted" under Rule 12(b)(6), the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (quoting Twombly, 550 U.S. at 557). A plausibility analysis is a context-specific task depending on a host of considerations, including judicial experience, common sense and the strength of competing explanations for the defendant's conduct. See id. at 679; Twombly, 550 U.S. at 567.

3

The court will not accept broad allegations which lack sufficient detail to give fair notice of what plaintiff's claims are. Section 1983 plaintiffs must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." Robbins v. Oklahoma ex rel. Dep't of Human Servs., 519 F.3d 1242, 1250 (10th Cir. 2008). This can be particularly important in prisoner litigation. Gee v. Pacheco, 627 F.3d 1178, 1185 (10th Cir. 2010)("A prisoner claim will often not be plausible unless it recites facts that might well be unnecessary in other contexts.").

At this point, the court's role is not to weigh potential evidence the parties might present at trial but to assess whether the complaint alone is legally sufficient to state a claim for relief. See MacArthur v. San Juan County, 309 F.3d 1216, 1221 (10th Cir. 2002)(quotation omitted). An exception to this rule is that the court may consider documents referred to in the complaint that are central to the plaintiff's claim. Id.

Typically, dismissals under Rule 12(b)(6) follow the arguments made in a motion to dismiss. But, the court may dismiss on the basis of its own arguments when it is patently obvious that plaintiff could not prevail on the facts alleged and allowing an opportunity to amend the complaint would be futile. See Whitney v. State of New Mexico, 113 F.3d 1170, 1172 (10th Cir. 1997); Hall,

4

935 F.2d at 1109-10. In this order, the court relies on arguments made by defendants and arguments raised by the court.[3]

IV. The complaint fails to state a claim

Under 42 U.S.C. § 1983, a person acting under color of state law is liable if he "subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and [federal] laws." "The statute is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred."  Margheim v. Buljko, 855 F.3d 1077, 1084 (10th Cir. 2017)(interior quotation omitted).  Negligence is not a basis for liability under § 1983; liability must be predicated upon a deliberate deprivation of constitutional rights.  Darr v. Town of Telluride, Colo., 495 F.3d 1243, 1257 (10th Cir. 2007).  The limitations period for § 1983 actions arising in Kansas is two years. Jacobs v. Lyon County Detention Center, 371 Fed.Appx. 910, 912 (10th Cir. 3/31/2010)(drawing the period from the personal injury statute of limitations in Kansas in accordance with Wilson v. Garcia, 471 U.S. 261, 269 (1985)); Brown v. U.S.D. 501, 465 F.3d 1184, 1188 (10th Cir. 2006)(same).

---

[3] The court rejects defendant Thompson's exhaustion of administrative remedies argument because it requires additional information which is not present in the record the court is limited to reviewing upon defendant's motion.  See Lax v. Corizon Medical Staff, 2019 WL 1223312 *1-2 (10th Cir. 3/15/2019)(inmates are not required to plead exhaustion of administrative remedies).

5

Plaintiff's claims appear to concern a denial of medical records and a denial of medical care. As for the alleged denial of medical records, plaintiff does not allege facts or law which support a constitutional right of access to medical records. Many courts have rejected such a claim. See Gotkin v. Miller, 514 F.2d 125, 128 (2nd Cir. 1975); Veenstra v. Idaho State Bd. of Correction, 2017 WL 4820353 *6-8 (D.Idaho 10/24/2017); Martikean v. U.S., 2012 WL 1986919 *4 (N.D.Tex. 4/6/2012); Dunn v. Corrections Corp. of America, 2010 WL 2817264 *3 (S.D.Ga. 6/15/2010); Osborne v. City of Marietta, 2009 WL 10690033 *3 (N.D.Ga. 4/10/2009); Love v. Growse, 2008 WL 4534091 *2 (E.D.Ky. 10/3/2008); Ramirez v. Delcore, 2007 WL 2142293 *7 (S.D.Tex. 7/25/2007); Simmons v. Kayria, 2007 WL 2937013 *2 (C.D.Ill. 8/21/2007); Collins v. Khoury, 2002 WL 1941150 *1 (N.D.Cal. 2002). Nor does plaintiff allege that a federal statutory right has been violated.

As to the alleged denial of medical care, plaintiff has failed to state facts describing what defendant Thompson did to deny plaintiff medical care. Individual liability for a § 1983 violation requires personal involvement in the alleged constitutional violation. Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 768 (10th Cir. 2013). Plaintiff alleges that defendant Thompson is a boss or a supervisor for CCS, the health services provider for WCADC. But, he does not allege facts

plausibly showing that she personally participated in or caused the denial of plaintiff's medical care.

In addition, plaintiff fails to allege facts showing a deliberate or reckless denial of medical care causing an excessive risk to plaintiff's health and safety. The Tenth Circuit reviewed the requirements for an Eighth Amendment violation in Jensen v. Garden, 752 Fed.Appx. 620, 624 (10th Cir. 2018):

> A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference includes both an objective and a subjective component. The objective component is satisfied if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). "[A] medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)). The subjective component is satisfied if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837, 114 S.Ct. 1970. The subjective component is not satisfied where the plaintiff simply complains of an "inadvertent failure to provide adequate care, negligent misdiagnosis, or ... difference of opinion with medical personnel regarding diagnosis or treatment." Clemmons v. Bohannon, 956 F.2d 1523, 1529 (10th Cir. 1992); see also Self v. Crum, 439 F.3d 1227, 1232 (10th Cir. 2006) (noting that, "absent an extraordinary degree of neglect," the subjective component is not satisfied where a doctor exercises his or her "considered medical judgment").

7

The complaint alleges that plaintiff suffered from canker sores, a reoccurring rash and seizures. But, the complaint does not allege facts showing that these were serious afflictions necessitating a doctor's attention or that defendant Thompson knew of and disregarded an excessive risk to plaintiff's health by denying treatment.

V. Other pending motions

A. Motions for appointment of counsel

Plaintiff has filed two motions for appointment of counsel. Doc. Nos. 9 and 11. In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)). Here, the court understands that plaintiff may face some obstacles in presenting the facts and law concerning his case. But, this is a relatively simple case and the court is not convinced that appointment of counsel is warranted. Considering the circumstances, including that presently the complaint does not

appear to state a claim, the court shall deny plaintiff's motion for appointment of counsel without prejudice to plaintiff renewing his request if this litigation progresses further.

One of plaintiff's motions to appoint counsel (Doc. No. 9) also asks for a hearing to decide whether plaintiff has exhausted his administrative remedies. The question of exhaustion is not properly before the court at this time. Therefore, the court shall deny plaintiff's request for a hearing.

B. Motion to Stay Discovery

Defendant has filed a motion to stay discovery. Doc. No. 12. Defendant requests a stay until 30 days following the court's ruling on defendant's pending motion to dismiss. Plaintiff opposes the motion. Upon review, the court shall grant a stay of discovery until further notice. The court finds that a stay will limit the possibility of wasteful or burdensome proceedings while a dispositive motion is being decided and that discovery is not necessary to litigate the dispositive motion. Therefore, the motion to stay shall be granted and discovery shall be stayed until further notice. See Randle v. Hopson, 2013 WL 120145 *1 (D.Kan. 1/9/2013)(reviewing factors often considered upon a motion to stay discovery).

C. <u>Motion for leave to proceed in forma pauperis (Doc. No. 18)</u>.

Upon review, plaintiff's motion for leave to proceed in forma pauperis is granted.

VI. <u>Conclusion</u>

For the above-stated reasons, the court shall grant the motion to dismiss – Doc. No. 6. Plaintiff is given time until May 3, 2019 to file a complete and proper amended complaint to cure all the deficiencies discussed in this order. If plaintiff fails to do so, this action shall be closed. Plaintiff's motions for appointment of counsel and for a hearing (Doc. Nos. 9 and 11) are denied without prejudice. Defendant's motion to stay discovery (Doc. No. 12) is granted. Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 18) is also granted.

**IT IS SO ORDERED.**

Dated this 12th day of April, 2019, at Topeka, Kansas.

s/Sam A. Crow _____
Sam A. Crow, U.S. District Senior Judge